IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BOAZ HOME IMPROVEMENT &
CONSTRUCTION COMPANY, LLC,
Individually and as a Co-Venturer in
BRANTLEY GROUP/BOAZ HOME
IMPROVEMENT & CONSTRUCTION
COMPANY, Joint Venturer                                                            PLAINTIFF

V.                                                              CAUSE NO.: 4:11CV090-SA-JMV

SUNTRUST BANK; THE CHURCH OF
LIVING GOD, RICHARD HOWARD, Pastor,
ANTHONY CUNNINGHAM, President and
Trustee, MATTIE L. HOWARD, Trustee,
DETRIA STACKHOUSE, Trustee,
KEVIN STACKHOUSE, Trustee, and
JOHN DOES 1-10                                                                   DEFENDANTS

ORDER ON MOTION TO DISMISS

After reviewing the pending Motion to Dismiss and Amended Complaint in this cause, the Court has some questions regarding its jurisdiction over the matter at issue here. In particular, Plaintiff, Boaz Home Improvement, notes that it is an LLC registered in Mississippi, that Bardo Brantley is a resident of and the Brantley Group is registered in Tennessee, Suntrust Bank is incorporated in Georgia, and the Church of Living God is housed in Arkansas. Of note, however, are the individual defendants named, who all have the same residential address according to Plaintiff as the Church. Indeed, Richard Howard, Anthony Cunningham, Mattie Howard, Detria Stackhouse, and Kevin Stackhouse, are all alleged to be residents of 901 Alabama Street, West Helena, Arkansas 72390 [7]. Troubling, however, is the notation on Richard Howard's summons that he "lives in Memphis," and was indeed served process at an address in Memphis, Tennessee [17]. The Notice of Attorney Appearance [19] on behalf of

Richard Howard and Mattie Howard also indicates that those two defendants are residents of Tennessee.

Federal courts are courts of limited jurisdiction. Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Because diversity of citizenship is a jurisdictional requirement, it is within the exclusive purview of the Court to determine whether diversity exists. Carden v. Arkoma Assocs., 494 U.S. 185, 195, 110 S. Ct. 1015, 1089 L. Ed. 2d 157 (1990) (citing Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453, 20 S. Ct. 690, 44 L. Ed. 842 (1900)). Diversity of citizenship requires complete diversity. All plaintiffs must have a different citizenship from all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). Accord Getty Oil Corp., Div. of Texaco v. Insurance Co. of North America, 841 F.2d 1254, 1258 (5th Cir. 1988).

If Howard is a resident of Tennessee, the diversity of the parties in this action would be destroyed. Therefore, the parties are granted limited jurisdictional discovery into whether the parties are diverse such that this Court has jurisdiction. The parties are hereby given thirty (30) days of limited discovery. Plaintiff shall then file on the docket a Statement of Jurisdiction outlining the appropriate states of residence or incorporation necessary to establish jurisdiction within fourteen (14) days of the expiration of discovery. If necessary, Defendants shall counter that statement within seven (7) days.

In addition to diversity, the Court additionally seeks additional reasoning as to whether all necessary parties are in this suit. Plaintiff has brought this action individually and as a co-venturer in the Brantley Group/Boaz Home Improvement & Construction Company, Joint

Venture. Boaz's co-venturer, however, is not named as a party plaintiff. The Mississippi Supreme Court has held:

> In Blackwell v. John Reid & Co., 41 Miss. 102 (1866), this Court held that partners cannot sue in the name of the partnership, but only in the names of the individual members who compose the partnership. Furthermore, all the partners ordinarily are necessary parties plaintiff where the subject matter of inquiry is injury to the partnership property or partnership business. 60 Am.Jur.2d, Partnership § 325, p. 215 (1972). This is because a partnership is not regarded as a legal entity. This restriction to the right to sue applies likewise to joint venturers. The rights, duties, and liabilities of joint venturers are similar to those of partners. Tansil v. Horlock, 204 So. 2d 457 (1967). In fact, there is no real difference between joint venture and a partnership except that the former is limited to a single transaction or a series of similar transactions and the latter usually relates to a general and continuing business of a particular kind. Sample v. Romine, 193 Miss. 706, 8 So.2d 257, suggestion of error overruled, 193 Miss. 733, 9 So. 2d 643, and corrected 193 Miss. 736, 10 So.2d 346 (1942).

Scott Co. of California v. Enco Constr. Co., 264 So. 2d 409 (Miss. 1972). Therefore, the Court held that where the subject matter of suit is injury to the joint venture property or joint venture business, "[a]ll members of the joint venture were required to be parties to th[e] suit." Id.

Here, it is indisputable that the subject matter of the lawsuit is joint venture business. Accordingly, Plaintiff must also indicate in its Statement of Jurisdiction why this action should not be dismissed for failing to join an indispensable party.

SO ORDERED, this the 18th day of September, 2014.

              /s/ Sharion Aycock
              **U.S. DISTRICT JUDGE**