IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BOAZ HOME IMPROVEMENT &
CONSTRUCTION COMPANY, LLC,**
**Individually and as Co-Venturer in Brantley
Group/Boaz Home Improvement & Construction
Company, Joint Venture**                                                                  **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 4:11CV00090-SA-JMV**

**SUN TRUST BANK, INC., Et Al.**                                                  **DEFENDANTS**

## ORDER DENYING MOTION TO STRIKE

Before the court is Plaintiff's Motion [40] to Strike Defendant Church of the Living God's Responses to Plaintiff's First Set of Jurisdictional Interrogatories. Essentially, Plaintiff complains the Church's responses were executed by counsel for the defendant, instead of the defendant as required by Fed.R.Civ.P. 33(b)(1)(A), and requests that the responses be stricken.

Having duly considered the matter, the court is of the opinion the motion should be, and it is, hereby DENIED. First, the court notes the instant motion is unaccompanied by the good faith certificate mandated by L.U.Civ.R. 37(a). While the court appreciates the limited time frame set for jurisdictional discovery in this case, the parties are reminded that no party has been excused from its obligations under the *Federal Rules of Civil Procedure* and the Local Rules of this court.

Second, while Plaintiff directs the court's attention to section A of Rule 33(b)(1), it appears section B is the applicable provision. That section provides that "if the party [to whom the interrogatories are directed] is a public or private corporation, a partnership, an association, or a governmental agency[,]" the interrogatories may be answered by "any officer or agent."

According to *Wright and Miller*, this provision authorizes counsel for the Church (a religious "association") to provide the responses. *See* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil § 2172 (3d ed. 2010) ("Because the rule authorizes either an officer or an agent to answer, it clearly allows answers by an attorney."). *Cf. Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 508 (4th Cir. 1977) ("[FRCP 33] expressly provides that interrogatories directed to a corporate party may be answered 'by any officer or agent, who shall furnish such information as is available to the party.' This language has been uniformly construed to authorize 'answers by an attorney' for the party."); *Johns v. U.S.,* No. Civ. A. 96-1058, 1997 WL 732423, at *2 (E.D. La. Nov. 21, 1997) (Assistant U.S. Attorney allowed to sign interrogatories because "[FRCP 33(a) clearly allows any governmental agent to answer an interrogatory so long as the individual bases the response on all the information available to the government."). In view of this authority, it appears the basis of the instant motion is misplaced.

However, while the court does not find the grounds for the motion well taken, the court has observed that the answers were not properly sworn to as required by Rule 33(b)(3) and, accordingly, directs counsel answering the same to immediately resubmit them under oath.

SO ORDERED this 5th day of November, 2014.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE