IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BOAZ HOME IMPROVEMENT &
CONSTRUCTION COMPANY, LLC,
Individually and as a Co-Venturer in
BRANTLEY GROUP/BOAZ HOME
IMPROVEMENT & CONSTRUCTION
COMPANY, Joint Venturer					PLAINTIFF

V.							CAUSE NO.: 4:11CV090-SA-JMV

SUNTRUST BANK; THE CHURCH OF
LIVING GOD, RICHARD HOWARD, Pastor,
ANTHONY CUNNINGHAM, President and
Trustee, MATTIE L. HOWARD, Trustee,
DETRIA STACKHOUSE, Trustee,
KEVIN STACKHOUSE, Trustee, and
JOHN DOES 1-10					DEFENDANTS

MEMORANDUM OPINION

Plaintiff was ordered to show cause as to whether this Court had diversity jurisdiction over all parties. Jurisdiction-related discovery was conducted, and the parties have responded to the Court's inquiry.

For diversity jurisdiction to be proper, it must be established that all plaintiffs have a different citizenship from all defendants. The Fifth Circuit has written that:

> It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side. This determination of one's state citizenship for diversity purposes is controlled by federal law, not by the law of any State. . . . The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction, and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof.

*Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

The federal courts must address questions of subject matter jurisdiction whenever they are raised and must consider jurisdiction *sua sponte* if it is not raised by the parties. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."). *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); see also FED. R. CIV. P. 12(h)(3). Thus, subject matter jurisdiction cannot be created by waiver or consent. *Howery*, 243 F.3d at 919.

The allegations of Boaz's Complaint tend to show that diversity of citizenship is absent in this case, because he contends that both he and Bardo Brantley and The Brantley Group, LLC are citizens of Tennessee. However, Plaintiff then promptly voluntarily dismissed those two defendants from the case in an effort to secure diversity jurisdiction.[1] Based on the service of summonses listed on the docket, the Court became aware of a jurisdictional issue.

"The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)). "Evidence of a person's place of residence, however, is prima facie proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citing *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007)). *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile . . .").

---

[1] The Court finds it unnecessary to determine whether Bardo Brantley and The Brantley Group, LLC, are indispensable parties such that dismissal was improper.

"'For purposes of diversity jurisdiction, an unincorporated association is said to have no citizenship of its own. Thus, if suit is brought by or against an association as an entity . . ., the organization's citizenship is deemed to be the same as that of its members.'" *Temple Drilling Co. v. Louisiana Ins. Guaranty Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (quoting *Rhulen Agency v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674, 677 (2d Cir. 1990)). *See also Hummel v. Townsend*, 883 F.2d 367 (5th Cir. 1989) (Reorganized Church of Jesus Christ of Latter Day Saints has the citizenship of each of its members).

In response to the Order to Show Cause, the Defendants submitted competent proof that, during the relevant time periods, the only member of Boaz Home Improvement & Construction Company, LLC, was a citizen of Tennessee; The Church of the Living God was a citizen of Arkansas; Richard Howard, its pastor, was a citizen of Tennessee; and at least one other trustee, Mattie Howard, was a citizen of Tennessee.[2] Complete diversity, therefore, does not exist between the parties. Because the parties are not diverse, this Court does not jurisdiction over the case. *See* 28 U.S.C. § 1332(a).

The Plaintiff's claims are DISMISSED, and this case is CLOSED.

SO ORDERED, this the 6th day of November, 2015.

       /s/ Sharion Aycock
       **U.S. DISTRICT JUDGE**

---

[2] The Court notes that Richard Howards' Executed Summons [17] show that he was personally served in Memphis, Tennessee on November 21, 2011, with the note that he "lives in Memphis."